ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| VALLEY CITY STEEL, LLC, | ) | CASE NO. 5:05CV1902 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| LIVERPOOL COIL | ) | <u>AND ORDER</u> |
| PROCESSING, INC., et al., | ) | [RESOLVING DOCS. 41, 42, 43, |
| | ) | 44, and 45] |
| Defendants. | ) | |

The following motions of defendants Liverpool Coil Processing, Inc. ("Liverpool Coil"), VCS Properties LLC ("VCS"), Sectional Stamping Inc. (t/d/b/a Shiloh Industries Inc. Wellington Stamping Division) ("Sectional Stamping"), Shiloh Corporation, and Shiloh Industries, Inc. (the "Defendants") are pending in the above-entitled action:

    Motion *in Limine* to Exclude Reference to the Arbitration Award Rendered in Favor of Plaintiff in American Arbitration Association Case No. 53 181 E00373 05 (Doc. 41);

    Motion *in Limine* to Preclude Plaintiff from Disputing Defendants' Right to Setoff (Doc. 42);

    Motion *in Limine* to Exclude any Claim by Plaintiff that Valley City Steel, LLC was Insolvent on July 31, 2001 and Immediately Thereafter (Doc. 43);

    Motion *in Limine* to Preclude any Expert Testimony on Reasonably Equivalent Value (Doc. 44); and,

    Motion *in Limine* to Preclude Admission of and Reference to the Liquidation Value of Debtor's Property, Plant and Equipment (Doc. 45).

The Court has considered the memoranda in support and memoranda in opposition (Docs. 47, 48, 49, 50, and 51).

I.

In their Motion *in Limine* to Exclude Reference to the Arbitration Award Rendered in Favor of Plaintiff in American Arbitration Association Case No. 53 181 E00373 05 (Doc. 41), defendants move the Court for an order precluding plaintiff Valley City Steel, LLC, Debtor/Debtor in Possession, from arguing or seeking to introduce any testimony and/or evidence referring to the arbitration award rendered against Shiloh Automotive, Inc. on January 19, 2007.[1] The Court will grant the motion.

On March 21, 2005, the parties to this adversary proceeding filed in the bankruptcy court Corrected Stipulations as to Arbitrability of Issues, which provides in pertinent part as to Count VII:

> This is an independent claim [for breach of contract] against Shiloh Automotive, Inc. allegedly arising from the performance of various services by the Debtor. Defendant Shiloh Automotive, Inc. has filed a Motion to Stay Court Proceedings Pending Arbitration, and the Parties agree that this claim is subject to an arbitration agreement. Accordingly, Defendant Shiloh Automotive, Inc.'s Motion to Stay Court Proceedings Pending Arbitration should be granted and this matter should be referred to arbitration in accordance with paragraph 19 of Shiloh Automotive, Inc.'s terms and conditions. Debtor shall commence arbitration in accordance with the requirements of paragraph 19 of Shiloh Automotive, Inc.'s terms and conditions within sixty (60) days of the entry of an order referring this claim to arbitration.

---

[1] The arbitrator found in favor of the plaintiff and awarded Valley City Steel, LLC compensatory damages in the amount of $51,680.09 plus pre-judgment interest from the date of the petition date in Bankruptcy at the rates allowed under Ohio Revised Code § 1343.03(A). Shiloh Automotive, Inc. was also ordered to pay the administrative fees and expenses of the American Arbitration Association (AAA) and to reimburse the plaintiff for the $1,050.00 previously paid to AAA for such fees and expenses by the plaintiff.

On June 2, 2005, this Court conducted a Status Conference on the record that included Shiloh Automotive, Inc.'s previously filed Motion to Withdraw the Reference filed in Case No. 5:04MC078. At that time, counsel withdrew Shiloh Automotive, Inc.'s motion and a marginal entry order (Doc. 4) was entered to that effect in Case No. 5:04MC078.

Section 157(d) of the Bankruptcy Code permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, . . . on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). On August 2, 2005, this Court granted the motions of Liverpool Coil (Doc. 1 filed in Case No. 5:04MC074), VCS (Doc. 1 filed in Case No. 5:04MC075), Sectional Stamping (Doc. 1 filed in Case No. 5:04MC076), Shiloh Corporation (Doc. 1 filed in Case No. 5:04MC077), and Shiloh Industries (Doc. 1 filed in Case No. 5:04MC079) to Withdraw the Reference. Conspicuously absent from the Memorandum of Opinion and Order entered by the Court is any reference to Shiloh Automotive, Inc. and Case No. 5:04MC078. Therefore, the independent claim against Shiloh Automotive, Inc. is not a part of the within case opened in this Court. The arbitration award is not relevant to the case at bar against Liverpool Coil, VCS, Sectional Stamping, Shiloh Corporation, and Shiloh Industries, Inc.

II.

Defendants move the Court for an order *in limine* precluding the plaintiff from arguing or seeking to introduce any testimony and/or evidence at trial disputing Liverpool Coil, Sectional Stamping, and Shiloh Corporation's right to a setoff against plaintiff's breach of contract claims against each of them. The Court will grant the motion.

Liverpool Coil, Sectional Stamping, and Shiloh Corporation were previously granted relief from the automatic stay under 11 U.S.C. § 362(d)(1) so that they may assert set-off as an affirmative defense to the various claims brought against each of them by the Debtor. *See* Order (Doc. 11). The Court expressly reserved for future consideration and determination whether the exercise of a set-off of any amounts owed to each of them by the plaintiff is proper under 11 U.S.C. § 553; and determination of the amount, if any, of plaintiff's claim against each of the defendants in the event the Court determines that the exercise of a set-off by defendant(s) is proper under 11 U.S.C. § 553. *Id.*

The application of a setoff is permissive and lies within the equitable discretion of the trial court. *DuVoisin v. Foster (In re Southern Indus. Banking Corp.)*, 809 F.2d 329, 332 (6th Cir. 1987). In order for a creditor to exercise a state law right of setoff under § 553, the creditor must show:

> (1) a debt owing by the creditor to the debtor which arose before the commencement of the [bankruptcy] case; (2) a claim of the creditor against the debtor which also arose before the commencement of the [bankruptcy] case; and (3) the debt and claim must be mutual obligations.

*Waldschmidt v. Columbia Gulf Transmission Co. (In re Fulghum Const. Corp.)*, 23 B.R. 147, 157 (Bankr. M.D. Tenn. 1982). *See In re Roberds*, 285 B.R. at 656 (Bankr. S.D. Ohio 2002). On September 29, 2006, the Court concluded that Liverpool Coil, Sectional Stamping, and Shiloh Corporation have established their right to setoff against the plaintiff's contract claims, but the amount of this setoff must be proven at trial. Memorandum Opinion and Order (Doc. 31) at 17. Plaintiff may still challenge the amount of the setoff that these defendants seek to prove at trial. The jury will thereafter decide the amount, if any, of the setoff proven by Liverpool Coil, Sectional Stamping, and/or Shiloh Corporation at trial.

III.

In the third Motion *in Limine* to Exclude any Claim by Plaintiff that Valley City Steel, LLC was Insolvent on July 31, 2001 and Immediately Thereafter (Doc. 43), defendants move the Court for an order precluding the plaintiff from arguing or seeking to introduce any testimony and/or evidence at trial of this matter claiming that Valley City Steel, LLC was insolvent on July 31, 2001 (*i.e.*, the date on which the transaction contemplated by the Asset Purchase Agreement was completed) and immediately thereafter.  The Court will deny the motion.

An entity is "insolvent" according to the Bankruptcy Code when its debts are greater than the value of the entity's property at fair value. *See* 11 U.S.C. § 101(32)(A).  Defendants argue that "[t]he evidence in this case demonstrates that the sum of the Debtors's debts were not greater than all of its assets, when taken at a fair valuation, on or about July 31, 2001." Doc. 43-2 at 2.  The issue of whether the evidence in this case leads to that conclusion, however, is for the jury to decide after hearing all of the evidence.

IV.

Defendants also move the Court for an order precluding any testimony and/or evidence from Charles S. Deutchman, the plaintiff's expert witness, on the issue of reasonably equivalent value.  Defendants deposed Mr. Deutchman on February 19, 2007.[2]  Defendants request this order *in limine* at this time for two primary reasons.  First, Mr. Deutchman employs a faulty methodology to determine reasonably equivalent value which only takes into consideration the

---

[2]Attached to the memorandum in support are a few selected pages from a deposition that apparently lasted all day and ran into the hundreds of pages.  The entire deposition transcript (Doc. 66) was subsequently filed by the defendants.

liquid assets (cash and marketable securities) of the Debtor at the time of the transaction and not the totality and value of the transaction.  Second, the plaintiff's expert admits he is not qualified to render an opinion on the value of any of the assets of the Debtor because he is not an equipment appraiser nor has he ever been engaged or employed by an appraisal company for the purpose of rendering an appraisal.  The Court will deny the motion.

The Case Management Plan (Doc. 3) provides in pertinent part:

> A party may not call an expert witness to testify unless a written report prepared and signed by the witness has been procured and provided to opposing counsel.  The report shall contain a complete statement of all opinions of the expert as to each issue on which he/she will testify and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  An expert will not be permitted to testify or provide opinions on issues not raised in his/her report.

*Id.* at 3. *See also* Fed. R. Civ. P. 26(a)(2)(B).  A written expert report from Mr. Deutchman was due no later than November 2, 2005. *See* Order (Doc. 6).  Plaintiff apparently provided opposing counsel with its expert report on October 6, 2005. *See* Status Report of Defendants (Doc. 12) at 1.  A copy of Mr. Deutchman's supplemental report was previously filed with the Court as an exhibit during summary judgment briefing. *See* Doc. 17-2.  In ruling on the dispositive motions, the Court found that there is much dispute as to the values to be assigned to the transferred assets.  Given the existence of numerous genuine issues of material fact relating to the issue of reasonably equivalent value, the Court denied summary judgment to the defendants on the fraud claims. Doc. 31 at 11. *See also In re Wilkinson*, 196 Fed.Appx. 337, 341 (6th Cir. Aug. 17, 2006)

6

(whether the debtor received reasonably equivalent value in exchange for the payment to Wiley is a question of fact).

The Court concludes that the defendants' arguments in the within Motion *in Limine* go to the weight of the expert's testimony (for the jury) rather than its admissibility.  Concerns about whether Mr. Deutchman employs a faulty methodology to determine reasonably equivalent value should go to the weight of the evidence and not the admissibility of his testimony and analysis. *Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292, 303 (4th Cir. 1984) ("Playtex's concern about the methodology of the [government] studies should have been addressed to the relative weight accorded the evidence and not its admissibility.").  Of course, the weight of this evidence is a matter to be argued to the trier of fact.  Moreover, whether Mr. Deutchman is an equipment appraiser or has ever been engaged or employed by an appraisal company for the purpose of rendering an appraisal is precisely the role of cross-examination.  Therefore, the Court will admit testimony and/or evidence from Mr. Deutchman on the issue of reasonably equivalent value and allow the jury to determine the weight to assign it.

V.

Finally, in their Motion *in Limine* to Preclude Admission of and Reference to the Liquidation Value of Debtor's Property, Plant and Equipment (Doc. 45), defendants move the Court for an order precluding the plaintiff from arguing or seeking to introduce any testimony and/or evidence at trial pertaining to (1) the forced liquidation appraisal, dated April 13, 2001, prepared by Rosen & Company, Inc. and (2) the amount for which the Debtor's property, plant, and equipment was sold for at the § 363 sale in bankruptcy.  The Court will grant the motion.

According to the defendants, in seeking to introduce any testimony and/or evidence at trial pertaining to the appraisal prepared by Rosen & Company, Inc., the plaintiff would be seeking to circumvent the provisions of Fed. R. Civ. P. 26, as well as this Court's Case Management Plan (Doc. 3) regarding the disclosure of experts and the submission of expert reports. *See id.* at 3. The Court agrees.

Under Fed. R. Evid. 403, the Court has discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Defendants claim correctly that argument, testimony and/or evidence at trial regarding the price derived for the Debtor's assets in a distressed, bankruptcy forced liquidation sale that occurred in June 2003 (more than two (2) years after the fair market value of the assets was determined) to show that the Debtor did not receive a reasonably equivalent value for those assets in 2001 is inadmissible under Rule 403 because its probative value is outweighed by its prejudicial effect.

VI.

For all the foregoing reasons,

Defendants' Motion *in Limine* to Exclude Reference to the Arbitration Award Rendered in Favor of Plaintiff in American Arbitration Association Case No. 53 181 E00373 05 (Doc. 41) is GRANTED.

Defendants' Motion *in Limine* to Preclude Plaintiff from Disputing Defendants' Right to Setoff (Doc. 42) is GRANTED.

Defendants' Motion *in Limine* to Exclude any Claim by Plaintiff that Valley City Steel, LLC was Insolvent on July 31, 2001 and Immediately Thereafter (Doc. 43) is DENIED.

Defendants' Motion *in Limine* to Preclude any Expert Testimony on Reasonably Equivalent Value (Doc. 44) is DENIED.

Defendants' Motion *in Limine* to Preclude Admission of and Reference to the Liquidation Value of Debtor's Property, Plant and Equipment (Doc. 45) is GRANTED.

IT IS SO ORDERED.

| | |
|---|---|
| March 8, 2007 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |